AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

APR 22 2025 AM 9:08
FILED - USDC - NDTX - AM

| United States District Court | District: Northern District of Texas |
|---|---|
| Name (under which you were convicted): David Lewis Holland | Docket or Case No.: |
| Place of Confinement: TDCJ-French M. Robertson Unit | Prisoner No.: 02403882 |
| Petitioner (include the name under which you were convicted) David Lewis Holland | Respondent (authorized person having custody of petitioner) v. Bobby Lumpkin-Director of TDCJ |
| The Attorney General of the State of: Texas | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   108th District Court
   Potter County, Texas

   (b) Criminal docket or case number (if you know): 80908-E-CR; 80921-E-CR; 81045-E-CR

2. (a) Date of the judgment of conviction (if you know): May 25, 2022

   (b) Date of sentencing: May 25, 2022

3. Length of sentence: 99-years; 80-years; 20-years served concurrently

4. In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   80908-E-CR, 99-years, $10,000 fine;
   81045-E-CR, 80-years;
   80921-E-CR, 20-years;
   80977-E-CR, 5-years, $10,000 fine

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes   ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Texas Seventh Court of Appeals

(b) Docket or case number (if you know): 07-22-00162-CR, 07-22-00163-CR, 07-22-00165-CR

(c) Result: Convictions Affirmed

(d) Date of result (if you know): May 1, 2023

(e) Citation to the case (if you know):

(f) Grounds raised: Violation of Petitioners Right to Speedy Trial

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Texas Court of Criminal Appeals

(2) Docket or case number (if you know): PD-0272-23, PD-0273-23, PD-0275-23

(3) Result: Discretionary Review refused without written order.

AO 241 (Rev. 09/17)

(4) Date of result (if you know): September 6, 2023

(5) Citation to the case (if you know): Holland v. State, 2023 Tex.App.LEXIS 2880

(6) Grounds raised: Violation of Petitioners Right to Speedy Trial

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): No:23-6192

(2) Result: Certiorari denied

(3) Date of result (if you know): February 20, 2024

(4) Citation to the case (if you know): Holland v. Texas, 2024 U.S. LEXIS 924(2024)

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: Texas Court of Criminal Appeals

(2) Docket or case number (if you know): WR-96,483-03,WR-96,483-01,WR-96,483-02

(3) Date of filing (if you know): January 15, 2025

(4) Nature of the proceeding: Application for Writ of Habeas Corpus

(5) Grounds raised:

   1. Denial of Compulsory Process

   2. Denial of Effective Assistance of Trial Counsel

   3. Denial of the Resources Necessary to Prepare and Present an Adequate Defense

   4. Denial of Effective Assistance of Appellate Counsel

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes   ☒ No

(7) Result: Denied without written order

(8) Date of result (if you know): March 26, 2025

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Texas Court of Criminal Appeals

(2) Docket or case number (if you know): WR-96,483-03, WR-96,483-01, WR-96,483-02

(3) Date of filing (if you know): April 9, 2025

(4) Nature of the proceeding: Motion for Reconsideration

(5) Grounds raised:

1. Assertion that the proxy vote of a single judge does not satisfy the constitutional requirement of 3 judges or the en banc court to convene to deny relief.

2. Denial of Appellate Counsel for an Initial-Review Collateral Proceeding

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☒ No

(7) Result: Denied I assume, no notice given to Petitioner

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

AO 241 (Rev. 09/17)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☐ No    ☒ N/A

      (7) Result: N/A

      (8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☒ Yes    ☐ No

    (2) Second petition:    ☒ Yes    ☐ No

    (3) Third petition:    ☐ Yes    ☐ No    ☒ N/A

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Denial of Compulsory Process- Failure of the Trial Court and/or District Clerk to issue Petitioners timely-filed pro se Subpoenas.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was proceeding pro se with the trial courts permission. He filed multiple pro se subpoena applications for material and alibi witnesses necessary to his defense. He made an oral motion to the trial court to have the subpoenas issued. Trial judge agreed to the request, however Petitioners subpoenas still never issued.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A- Exhausted in State Habeas Corpus Proceedings.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Appointed appellate Counsel rejected Petitioners attempts to participate in the preparation of the direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals Austin, Texas

Docket or case number (if you know): WR-96,483-03,WR-96,483-01,WR-96,483-02

Date of the court's decision: March 26, 2025

Result (attach a copy of the court's opinion or order, if available): Denied without written order

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know): WR-96,483-03,WR-96,483-01,WR-96,483-02

Date of the court's decision: Unknown- not given notice of denial

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: <u>State Habeas Corpus, Motion for Reconsideration</u>

**GROUND TWO:** <u>Denial of Effective Assistance of Trial Counsel</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
<u>Appointed counsel tried to withdraw. Judge denied the motion. Petitioner proceeded pro se. Trial started and counsel was reinstated. Counsel failed to call even a single witness other than Petitioner, Counsel failed to present any mitigating character evidence, Counsel failed to assert Petitioners Speedy Trial Right. Counsel failed to ensure Petitioners subpoenas were issued.</u>

(b) If you did not exhaust your state remedies on Ground Two, explain why: <u>N/A</u>

(c)   **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Ineffective Assistance of trial counsel claims are properly raised for the first time in the State post-conviction Habeas Corpus proceedings.</u>

(d)   **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☒ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: <u>Application for Writ of Habeas Corpus</u>

   Name and location of the court where the motion or petition was filed: <u>Texas Court of Criminal Appeals, Austin, Texas</u>

   Docket or case number (if you know): <u>WR-96,483-03, WR-96,483-01, WR-96,483-02</u>

Page 8 of 16

AO 241 (Rev. 09/17)

Date of the court's decision: March 26, 2025

Result (attach a copy of the court's opinion or order, if available): Denied without written order.

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No
(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know): WR-96,483-03, WR-96,483-01, WR-96,483-02

Date of the court's decision: Unknown, no notice given to Petitioner

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Habeas Corpus, Motion for Reconsideration.

**GROUND THREE:** Denial of the Resources Necessary to Prepare and Present an Adequate Defense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was proceeding pro se with the courts permission. Petitioner requested appointment of a private investigator and video forensic expert to assist in the preparation and presentation of the defense. The request was initially granted but rescinded the next day by the trial court. This deprived Petitioner of the resources and services necessary to defend himself.

Page 9 of 16

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Appointed appellate counsel rejected Petitioners suggestions and involvement in the preparation of the direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals Austin, Texas

Docket or case number (if you know): WR-96,483-03, WR-96,483-01, WR-96,483-02

Date of the court's decision: March 26, 2025

Result (attach a copy of the court's opinion or order, if available): Denied without written order

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No
(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know): WR-96,483-03, WR-96,483-01, WR-96,483-02

Date of the court's decision: Unknown-no notice given to Petitioner

Result (attach a copy of the court's opinion or order, if available): Denied

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Habeas Corpus, Motion for Reconsideration

**GROUND FOUR:** Denial of Effective Assistance of Appellate Counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner raises this claim if this Court holds that any of the claims raised in this petition but were not. Appointed appellate counsel rejected all of Petitioners suggestions and attempts to assist in the preparation of the direct appeal.

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective Assistance claims are properly raised for the first time on State post-conviction Habeas Corpus proceedings

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for Writ of Habeas Corpus

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals Austin Texas

Docket or case number (if you know): WR-96,483-03, WR-96,483-01, WR-96,483-02

Date of the court's decision: March 26, 2025

Result (attach a copy of the court's opinion or order, if available): Denied without written order

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know): WR-96,483-03, WR-96,483-01, WR-96,483-02

Date of the court's decision: Unknown- no notice given to Petitioner

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Habeas Corpus, Motion for Reconsideration.

Additional Page for Ground Five

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____
_____

**GROUND FIVE: Violation of Petitioners Right to Speedy Trial.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioners pre-trial incarceration was held to be presumptively prejudicial by the Appellate court on direct appeal. Petitioner requested his appointed attorney request a speedy trial. Trial counsel refused. Petitioner then filed multiple pro se requests for speedy trial and bond reduction. The State requested a continuance that was granted over Petitioners objection. Petitioner neither requested delay nor agreed to delay by the State. Petitioner made a prima facie showing of harm in the trial record.

(b) If you did not exhaust your state remedies on Ground Five, explain why: N/A

(c) **Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for Writ of Habeas Corpus

Page 12a of 16

Additional Page for Ground Five

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals, Austin, Texas

Docket or case number (if you know): WR-96,483-03; WR-96,483-01; WR-96,483-02

Date of the court's decision: March 26, 2025

Result (attach a copy of the court's opinion or order, if available): Denied without written order * issue was re-raised on Habeas Corpus as it was directly related to Petitioners Ineffective Assistance of Trial Counsel claim. *

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Texas Court of Criminal Appeals Austin, Texas

Docket or case number (if you know): WR-96,483-03; WR-96,483-01; WR-96,483-02

Date of the court's decision: Unknown, no notice of denial given to Petitioner

Result (attach a copy of the court's opinion or order, if available): Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ~~Four~~ Five: Direct Appeal, Petition for Discretionary Review, Application for Writ of Habeas Corpus, Motion for Reconsideration.

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   No

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☒ Yes   ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. Application for Writ of Certiorari; U.S. Supreme Court; Denied Without written order on February 20, 2024. Issue presented-Violation of Petitioners right to Speedy Trial.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A

(b) At arraignment and plea: N/A

(c) At trial: Jeffrey A Hill; 2505 Lakeview Dr, Suite 301, Amarillo Texas, 79109

(d) At sentencing: Jeffrey A Hill; 2505 Lakeview Dr, Suite 301, Amarillo Texas, 79109

(e) On appeal: Joe Marr Wilson; 905 S. Fillmore, Suite 550, Amarillo Texas, 79101

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The one-year time clock pauses while a State post-conviction Habeas Corpus proceeding or a Motion for Reconsideration is pending thus Petitioner is not time-barred for this Application for Writ of Habeas Corpus under 28 U.S.C. § 2254.

AEDPA clock commenced February 20, 2024 when the U.S. Supreme

Page 14 of 16

Court denied Writ of Certiorari.

AEDPA clock paused between January 15, 2025 and March 26, 2025 during the pendancy of Petitioners State post-conviction Habeas Corpus proceedings.

AEDPA clock also paused when the Motion for Reconsideration was filed with the Texas Court of Criminal Appeals on April 9, 2025 which was pending as of the filing of this petition.

As such this petition is timely.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: <u>Petitioner respectfully asks this Court to reverse and remand these causes back to the trial court for a new trial</u>
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on <u>April 14, 2025</u> (month, date, year).

Executed (signed) on <u>April 11, 2025</u> (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____



David Lewis Holland #2403882
Roberson Unit - TDCJ
12071 FM 3522
Abilene, TX 79601

RECEIVED
APR 22 2025
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS